HOFFMAN, APELADO, *v.* CUADRADO ET AL., APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 913.—Resuelto en febrero 10, 1913.

SENTENCIA EN REBELDÍA—COBRO DE DINERO—DAÑOS Y PERJUICIOS.—El artículo 194 del Código de Enjuiciamiento Civil es aplicable a las acciones en cobro de dinero procedentes de un contrato, o sobre indemnización de daños y perjuicios solamente. Puede ser aplicable también a aquellas acciones que tienen por objeto ambos extremos.

ID.—EMPLAZAMIENTO—CUMPLIMIENTO ESTRICTO DE LA LEY.—Para que un demandante puede obtener sentencia en rebeldía, deben cumplirse fielmente los preceptos de la ley, y en el emplazamiento deben observarse los preceptos del artículo 89 del Código de Enjuiciamiento Civil.

ID.—COBRO DE PAGARÉ—DAÑOS Y PERJUICIOS.—La sentencia en rebeldía dictada en este caso por el importe del pagaré, sin incluir los daños y perjuicios reclamados, está ajustada a derecho.

Los hechos están expresados en la opinión.

Abogado del apelante Juan M. Cuadrado: *Sr. Eugenio Benítez Castaño.*

Abogado del apelado: *Sr. Jacinto Texidor.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

En este caso se presentó una demanda sobre cobro de dinero que se debía por virtud de un pagaré, y daños y perjuicios por no hacerse el pago del mismo. Se dictó sentencia en rebeldía en la corte de distrito, la que fué debidamente anotada por el secretario de conformidad con las disposiciones del artículo 194, párrafo 1°. del Código de Enjuiciamiento Civil.

La demanda se dirigía contra Juan Manuel Cuadrado, Antonio Lorenza y Ventura Lamas, reclamando de ellos y pidiéndolo así en la súplica de dicho documento, que se les condenara mancomunada y solidariamente a pagar al demandante la suma de quinientos diez y seis dólares con cuarenta centavos ($516.40), como capital e intereses, y doscientos dólares ($200), por indemnización de daños y perjuicios y las costas. Aunque el demandado Cuadrado fué citado y emplazado el día 2 de mayo de 1912, dejó de contestar la demanda, y a petición del abogado del demandante, el secretario anotó en 26 de septiembre del año 1912, la sentencia contra la cual se ha interpuesto la presente apelación.

El caso ha sido claramente presentado en el alegato de los abogados y la cuestión envuelta es en efecto el determinar si la sentencia en rebeldía fué o nó debidamente anotada, por comprender como comprende solamente la suma especificada en el pagaré incluyendo capital e intereses, con exclusión de los daños y perjuicios que además han sido reclamados.

El apelante sostiene en este recurso que en la demanda se pidió que se condenara a los demandados al pago a los demandantes de quinientos diez y seis dólares con cuarenta centavos ($516.40) como capital e intereses, y doscientos dólares ($200) de indemnización. Pero el secretario entendió que debía anotar la sentencia solamente por la deuda e intereses, y así lo

hizo. De acuerdo con el artículo 194 del Código de Enjuiciamiento Civil, se resolvió que el demandante puede obtener que se anote sentencia en su favor cuando se trata de pago de dinero por consecuencia de un contrato o de obtener perjuicios solamente. Pero cuando se trata de una acción para cobro de dinero el cual se alega que se adeuda, y, además, daños y perjuicios, tal acción no se encuentra comprendida en el artículo 194 del expresado código. El apelado por el contrario sostiene que la sentencia pudo haberse anotado debidamente por toda la suma reclamada en la demanda incluyendo los daños y perjuicios, y que por lo menos, habiéndose anotado sentencia solamente por la suma especificada en el contrato escrito, el error, si alguno había, siendo favorable para el apelante, no pudo ser objeto de impugnación ante este tribunal o producir la revocación de la sentencia apelada.

El apelante ha alegado que nuestros estatutos, artículo 194, es exactamente igual a los artículos correspondientes de Idaho y California; pero no se nos ha citado ninguna sentencia de esos estados en apoyo de la alegación que se hizo ante este tribunal. Este artículo ha sido interpretado por esta corte en relación con el artículo 89 del propio código en un caso resuelto el día 25 de junio de 1909, *Zapater* v. *Irizarry,* 15 D. P. R., 538. En ese caso se sostuvo que para que un demandante tenga derecho a una sentencia en rebeldía, es necesario que se observe el estricto cumplimiento de la ley y que el emplazamiento debe llenar los requisitos del artículo 89 del Código de Enjuiciamiento Civil. El emplazamiento que se hizo en este caso y que consta en los autos reúne dichos requisitos.

En el presente caso no es necesario expresar la forma en que debió haber procedido la corte sentenciadora o el secretario de la misma, con arreglo a la ley y de conformidad con las disposiciones del estatuto citado anteriormente, siendo suficiente con que resolvamos la cuestión relativa a la propiedad de la sentencia anotada el día 26 de septiembre último. La expresada sentencia en rebeldía fué ciertamente anotada

con arreglo a la ley y no está sujeta a ser impugnada con éxito por las razones que han sido alegadas por el apelante, así como por ninguna otra que resulte de la faz de los autos. Por consiguiente, no habiendo razón alguna por la que deba revocarse la expresada sentencia, debe la misma ser confirmada en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.